IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WILLIAM ASSALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| WALGREEN'S, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, William Assalley ["Assalley"], and for his cause of action against the Defendant, Walgreen's, Inc. ["Walgreens"], states as follows:

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States Code, Sections 1337 and Title 29 United States Code, Section 626(c).   This is a civil action arising under the laws of the United States regulating commerce.   Specifically, this is an action brought in furtherance of a certain act of Congress guaranteeing to employees protection against discriminatory treatment in employment because of age.

The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, Section 1391(b), since Walgreens engages in business activities within the judicial district of this Court and the claim giving rise to the above captioned proceeding did occur within the judicial district of this Court.

## PARTIES

1.  That Assalley at the time of the incident giving rise to the case was an adult resident of Sangamon County, Illinois. He was born on June 2, 1961. He began his employment with Walgreens in the summer of 1984 and worked for it continuously thereafter as an active employee until April 24, 2019.

2.  That Walgreens is a corporation authorized to transact business in Illinois. At times relevant to this case, it operated stores which engaged in the sale at retail of pharmaceuticals and other products to consumers in the State of Illinois and various other states.

## STATEMENT OF CLAIM

3.  That Walgreens presently and at all relevant times employed twenty or more employees in connection with its business enterprise and constitutes an employer as that term is used in 29 U.S.C. Section 630(b).

4.  That at all times pertinent to this proceeding Walgreens did in connection with its business enterprise engage in commerce and in an enterprise effecting commerce.

5.  That within the time prescribed by law Assalley did cause to file with the Equal Employment Opportunity Commission ["EEOC"] and the Illinois Department of Human Rights ["Department"] a charge of civil rights violation against Walgreens. This proceeding is being filed within ninety (90) days of his receipt of a Notice of a Right to Sue issued by the EEOC.

6.  That Assalley was at the time of the occurrence giving rise to the above entitled cause 57 years of age and accordingly was within the age group protected by law against discrimination in employment because of age.

7. That Assalley began his employment for Walgreen as an assistant store manager. Thereafter, he was promoted to the position of store manager and held that position for the balance of his employment for Walgreens.

8. That in October of 2017 Assalley was transferred from his position as manager of the MacArthur Street Walgreens Store in Springfield, Illinois to manager of the West Monroe Street Store of Walgreens in Springfield, Illinois. He remained as the manager of that store until he was terminated.

9. That at all times pertinent to this cause Assalley adequately performed his employment duties for Walgreens and satisfied all reasonable expectations imposed upon him by it in connection with his employment.

10. That on several occasions supervisors of Assalley inquired of him concerning when he planned to retire.

11. That between the time he became manager of the West Monroe Store and April 24, 2019, significant improvements were made with respect to the operations of that store. Among other things: a) the retail sales of the store improved; b) the cleanliness and appearance of the store improved; c) the in stock condition of the store improved; d) the quality of employees hired at the store improved; and e) there was a reduction in staff turnover at the store.

12. That the West Monroe Store was a part of a group consisting of approximately 10 stores supervised by a district manager. In early 2018 Ben Kallal became the district manager that supervised Assalley. He is significantly younger than Assalley.

13. That although two store managers reporting to Kallal were comparable in age to Assalley, each retired in the fall of 2019. Most of the store managers reporting to Kallal were significantly younger than Assalley.

14. That on information and belief the performance of the West Monroe Street Store was at least comparable to the performance of other stores that were under the supervision of Kallal.

15. That after becoming Assalley's supervisor, Kallal began criticizing without appropriate cause the manner in which Assalley was performing his duties. Much of his criticisms were based upon things he would not have been able to observe. Without justification, Kallal assessed discipline against Assalley. In early 2019 Kallal placed Assalley on a performance improvement plan without justification.

16. That on April 24, 2019 Kallal terminated Assalley without justification.

17. That following Assalley's termination he was replaced as the manager of the West Monroe Store by an individual who was 37 years of age, significantly younger than Assalley.

18. That through the conduct described above Walgreens treated Assalley differently and less favorably than it treated similarly situated younger employees.

19. That but for his age the actions taken by Walgreens against Assalley as described above would not have occurred.

20. That as a direct and proximate result of the discriminatory treatment described above, Assalley lost his employment with Walgreens, was required to leave active employment with Walgreens and has suffered damages through the loss of salary, fringe benefits and other economic entitlements which he would have received had he not been terminated.

WHEREFORE, the Plaintiff, William Assalley, respectfully requests that this Court enter judgment in his favor and against Walgreen's, Inc. and provide the following relief:

A. Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 29 U.S.C Section 623 and issue a mandatory injunction against Walgreens to take affirmative steps to ensure that it and all individuals working for it refrain from engaging in any further actions against Assalley which violate the foregoing laws;

B. Issue a mandatory injunction directing Walgreens to re-employ Assalley to the position held by him prior to the discriminatory conduct complained of with all employment duties, responsibilities and rights attendant to that position and at a salary equal to or greater than the salary he earned prior to the conduct complained of by him or in lieu thereof, award Assalley in the form of damages monies equal to lost future wages and employment benefits;

C. Award Assalley damages sufficient to compensate him for economic losses suffered as a result of the actions complained of above;

D. Assess against Walgreens the costs and expenses incurred by Assalley in maintaining the above captioned proceeding together with the reasonable attorneys' fees incurred by him in prosecuting the above case;

E. Assess against Walgreens and in favor of Assalley such liquidated damages as may be provided by law for the willful violations of the law committed by it; and

F. Provide for such other relief as the Court deems to be equitable and just.

THE PLAINTIFF, WILLIAM ASSALLEY, RESPECTFULLY REQUESTS THAT ALL ISSUES RAISED IN THE ABOVE PROCEEDING WHICH MAY BE TRIED BY JURY BE TRIED BY JURY.

William Assalley, Plaintiff

By: s/ James P. Baker
    James P. Baker
    Bar Number: 0097802
    Baker, Baker & Krajewski, LLC
    415 South Seventh Street
    Springfield, Illinois 62701
    Telephone: (217) 522-3445
    Facsimile: (217) 522-8234
    E-mail: jpb@bbklegal.com
    (Complaints/ assalley william federal 102122)